JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAIZEL BLUMBERGER,<br><br>                    Plaintiff,<br><br>         v.<br><br>CALIFORNIA HOSPITAL MEDICAL CENTER, et al.,<br><br>                    Defendants. | Case No. 2:22-cv-06066-FLA (JCx)<br><br>**ORDER DENYING DEFENDANT IAN B. TILLEY, M.D.'S MOTION TO AMEND FILING DATE [DKT. 13] AND GRANTING PLAINTIFF RAIZEL BLUMBERGER AND MOVANT THE UNITED STATES OF AMERICA'S MOTIONS TO REMAND [DKTS. 20, 23]** |

<u>**RULING**</u>

Before the court are three motions: (1) Defendant Ian B. Tilley, M.D.'s ("Tilley") Motion to Amend the Filing Date of Notice of Removal Nunc Pro Tunc ("Motion to Amend") (Dkt. 13); (2) Movant the United States of America's ("Government") Motion to Remand (Dkt. 20); and (3) Plaintiff Raizel Blumberger's ("Plaintiff") Motion to Remand (Dkt. 23).  Both the Government and Plaintiff oppose Tilley's Motion to Amend.  Dkts. 18, 25.  Tilley opposes the Government and Plaintiff's Motions to Remand.  Dkts. 28, 29.

On October 11, 2022, and October 17, 2022, the court found the Motions to Remand appropriate for resolution without oral argument and vacated the hearings set for October 14, 2022, and October 21, 2022. Dkts. 34, 35; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15. For the reasons stated herein, the court DENIES Tilley's Motion to Amend, GRANTS both Plaintiff and the Government's Motions to Remand, and DENIES Plaintiff's request for attorney's fees.

## DISCUSSION

### I. Motion to Amend Filing Date

On August 26, 2022, Tilley filed a Notice of Removal. Dkt. 1. On September 6, 2022, Tilley filed the Motion to Amend requesting the court "amend the stamped filing date of the Notice of Removal and deem the document timely filed as of August 25, 2022" because defense counsel encountered "unanticipated technical issues relating to his Pacer account." Dkt. 13 at 3. According to Tilley, the delay in his filing occurred because his CM/ECF and Pacer accounts were not linked, and he was "unfamiliar with the procedure for removals." *Id.* at 3-4. Tilley's counsel, Jacob S. Rosenberg ("Rosenberg"), states he attempted to file electronically the Notice of Removal timely on August 25, 2022, but was informed that his Pacer account was not linked to his CM/ECF account and that he needed court approval to link the accounts. *Id.*, Rosenberg Decl. ¶ at 5. Rosenberg further states he "immediately contacted the clerk and Help Desk via email to request assistance," but did not receive a response until August 26, 2022. *Id.*

The court finds Tilley is not entitled to the relief sought for three primary reasons. First, Tilley fails to demonstrate he met with opposing counsel prior to filing the Motion to Amend, as required by Local Rule 7-3. *See* Dkt. 13 at 1-2.

Second, Tilley fails to demonstrate the court has the authority to grant the relief sought. The Motion to Amend cites no authority in support of Tilley's request to amend the filing date of the Notice of Removal, and Tilley fails to establish the legal basis for the Motion. *See* Dkt. 13 at 3-4. To the extent Tilley seeks relief under Local

Rule 5-4.6.2, which governs technical failures with the court's CM/ECF system, Tilley's request fails because Local Rule 5-4.6.2 states clearly that "[n]othing in this Local Rule authorizes the Court to extend a deadline that, by statute or rule, may not be extended." Pursuant to 28 U.S.C. § 1446(b) ("§ 1446(b)"), a notice of removal must be filed within 30 days after receipt by the defendant of a pleading, amended pleading, motion, order, or other paper from which it may first be ascertained that the action is removable. Given Tilley's representation that the deadline for timely removal was August 25, 2022, the court cannot extend this statutory deadline by modifying the date of filing of the Notice of Removal. *See* Local Rule 5-4.6.2; 28 U.S.C. § 1446.[1]

      Third, Tilley's stated "technical issues relating to his Pacer account" do not qualify as a technical failure related to the court's CM/ECF system under the Local Rules. Local Rule 5-4.1 advises specifically: "[t]o file documents using the CM/ECF System, an attorney must obtain an individual account login and password from the federal judiciary's national Public Access to Court Electronic Records ("PACER") system (www.pacer.gov) and link this account to the Court's CM/ECF System." Tilley's submitted evidence demonstrates he first contacted the court's ECF Help Desk at 10:01 p.m., which was five hours after the court's business hours. Dkt. 13 at Rosenberg Decl. Ex. A. Tilley's failure to link his Pacer account to his CM/ECF account prior to the close of business on the date of filing does not constitute a technical failure with the CM/ECF system, and is instead the result of his own inexcusable mistake or negligence.

---

[1] Local Rule 5-4.6.2 does not authorize the extension of statutory deadlines based on a technical failure, and provides only that "[i]f, after at least two attempts, the filer cannot electronically file the document, the document will be accepted for filing by the Clerk in paper format that same day, if time permits." While Local Rule 5-4.6.2 may provide grounds for a court to excuse untimeliness related to a deadline within the court's discretion, it does not support the relief requested here.

Accordingly, the court DENIES Defendant Tilley's Motion to Amend the Filing Date (Dkt. 13).

## II.     Motions to Remand

Plaintiff originally filed this medical malpractice action against Defendants Tilley, California Hospital Medical Center, and Dignity Health (collectively, "Defendants"), in Los Angeles Superior Court on May 20, 2021. Dkt. 1-1. Tilley removed the case to this court on August 26, 2022, citing 42 U.S.C. § 233(*l*)(2) ("§ 233(*l*)(2)") and 28 U.S.C. § 1442(a)(1) ("§ 1442(a)(1)").

On July 21, 2022, the Acting United States Attorney appeared in the state court action on behalf of the Attorney General and advised that court that Tilley was "*not* deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233," with respect to this action. Dkt. 1-1 at 143 (emphasis in original"). Tilley disputes this finding and claims a right to removal under 42 U.S.C. § 233(*l*)(2). Dkt. 1 at ¶¶ 3-10. According to Tilley, he is "an employee of Eisner Pediatric and Family Medical Center ['Eisner'], a federal grant recipient under the Public Health Service Act," and removal is "necessary to afford a federal forum to resolve the question as to whether his federal immunity defense under 42 U.S.C. § 233 *et seq.* extends to this action." *Id.*

Tilley further claims a right to removal under § 1442(a)(1) as an officer of the United States, or a person acting under an officer of the United States, sued in an official or individual capacity for an act performed under color of such office. He asserts he "was acting under Eisner's federal grantor agency, HHS [Department of Health and Human Services]," he "provided HHS-approved medical and/or surgical services to an Eisner patient who Eisner followed into the California Hospital Medical Center," and "the Secretary of HHS issued a 'final and binding' Notice of Deeming Action, which provides that Eisner and its officers, directors, and employees, including Dr. Tilley, are deemed to be federal employees of the Public Health Service

for purposes of § 233(a)'s absolute immunity." Dkt. 1 at ¶¶ 11-16 (citing Dkt. 1-2). The court will address each argument in turn.

### A.     42 U.S.C. § 233(*l*)(2)

Pursuant to § 233(*l*)(1):

> If a civil action or proceeding is filed in a State court against any entity described in [42 U.S.C. § 233(g)(4)] or any officer, governing board member, employee, or any contractor of such an entity for damages described in subsection (a), the Attorney General, within 15 days after being notified of such filing, shall make an appearance in such court and advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity, officer, governing board member, employee, or contractor of the entity is deemed to be an employee of the Public Health Service for purposes of this section with respect to the actions or omissions that are the subject of such civil action or proceeding.

"If the Attorney General fails to appear in State court within the time period prescribed under [section 233(*l*)(1)], upon petition of any entity or officer, governing board member, employee, or contractor of the entity named, the civil action or proceeding shall be removed to the appropriate United States district court." 42 U.S.C. § 233(*l*)(2).

On July 20, 2021, a copy of the state court complaint was sent by Eisner Pediatric and Family Center to the Department of Health and Human Services. Dkt. 1 at ¶ 8. It is undisputed that the Acting United States Attorney, acting as the Attorney General's designee, appeared on July 22, 2021, and filed a notice advising the state court "that whether Defendant Ian B. Tilley, M.D. is deemed to be an employee of the Public Health Service for purposes of 42 U.S.C. § 233 with respect to the actions or omissions that are the subject of the above captioned action, [was] under consideration." Dkt. 1-1 at 72. On July 21, 2022, the Acting United States Attorney filed an Amended Notice with a final determination that Tilley was "*not* deemed to be an employee of the Public Health Service" for the purposes of the action. Dkt. 1-1 at 143 (emphasis in original).

Tilley argues the Attorney General failed to satisfy the requirements of § 233(*l*)(1) because the Government's representative "fail[ed] to appear 'and advise'" the state court of the Secretary's prior deeming decision for Eisner within 15 days of receipt of the state court complaint. Dkt. 28 at 8-9. The plain language of § 233(*l*)(1) requires the Attorney General to "make an appearance," upon being notified of a civil action in state court, and to "advise such court as to whether the Secretary has determined under subsections (g) and (h), that such entity … employee, or contractor of the entity is deemed to be an employee of the Public Health Service … with respect to the actions or omissions that are the subject of such civil action or proceeding." The statute does not require the Attorney General to make a determination by that date, advise the state court of any specific details regarding its determination, or provide relevant documents contrary to what Tilley suggests. Accordingly, the Government's July 22, 2021, notice to the state court and appearance was sufficient to satisfy the requirements of § 233(*l*)(1).

Other courts have held similarly that removal is improper under the plain text of § 233(*l*)(2) if the Attorney General appeared within 15 days after being notified of the state court action, even if that appearance was only to advise the court that no determination had yet been made. *Babbitt v. Dignity Health*, No. 2:18-cv-06528-DMG (FFMx), 2018 WL 6040472, at *3 (C.D. Cal. Nov. 19, 2018) (citing 42 U.S.C. § 233(*l*)(1)-(2); *Q. v. Cal. Hosp. Med. Ctr.*, No. 2:17-cv-07917-R (Ex), 2018 WL 1136568, at *2 (C.D. Cal. Mar. 1, 2018); *K.C. v. Cal. Hosp. Med. Ctr.*, 2:18-cv-06619-RGK (ASx), 2018 WL 5906057, at *3-5 (C.D. Cal. Nov. 13, 2018); *see also Allen v. Christenberry*, 327 F.3d 1290, 1294-95 (11th Cir. 2003)).

As the Acting United States Attorney appeared in state court within two days of the Government's receipt of notice of the Complaint, the court finds the Attorney General did not fail to appear timely, for purposes of § 233(*l*). Tilley, thus, was not entitled to remove the action to this court under § 233(*l*)(2).

/ / /

Second, Tilley argues § 233(*l*) was enacted against the backdrop of the Federal Tort Claims Act's "pre-existing analog, 28 U.S.C. § 2679(d), which recognizes the inherent potential for coverage disputes and the due process need for a judicial mechanism to resolve such disputes." Dkt. 29 at 4. Tilley suggests this court, thus, must have the inherent authority to review his dispute of the Government's determination denying coverage. *See id.* Tilley does not cite any legal authority for the proposition that an action is removable under § 233 if a party disputes the Government's deeming determination. Section 233(*l*) does not allow removal for the purpose of challenging a negative coverage decision. *See Q.*, 2018 WL 1136568, at *2 (review of a negative coverage decision plainly exceeds the scope of § 233(*l*)). Tilley's second argument also fails.

Accordingly, the court finds § 233(*l*)(2) does not provide a valid basis for removal here.

### B.     28 U.S.C. § 1442(a)(1)

Tilley also argues removal is proper under § 1442(a)(1) pursuant to the court's federal officer jurisdiction. Dkt. 28 at 10-11. The court declines to address whether 28 U.S.C. § 1442(a)(1) provides a basis for removal as Tilley's attempt was untimely.

A notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Alternatively, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be ascertained that the case is one which is or has become removable." *Id.* at § 1446(b)(3). Likewise, "a federal officer defendant's thirty days to remove commence[s] when the plaintiff discloses sufficient facts for federal officer removal." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). Tilley's purported bases for removal existed when the state court complaint was filed, as it arises from the performance of his medical

7

duties, which he contends qualified him as a federal officer pursuant to the Health Resources and Service Administration's deeming determination for Eisner for the 2018 calendar year. *See* Dkt. 1 at ¶¶ 3-4; Dkt. 1-2; *see also K.C.*, 2018 WL 590605, at *6; *L.D.Q. v. Cal. Hosp. Med. Ctr.*, No. 2:18-cv-07309-R (Ex) 2018 WL 6040474, at *1. Therefore, Tilley's notice and the 30-day removal period began when he was served with the state court complaint in 2021.

Tilley contends the 30-day period began upon his receipt of notice of the Government's adverse coverage decision. Dkt. 28 at 10-11. As Tilley does not present any evidence the action was stayed in state court pending the Government's deeming determination, his argument appears to be based on receipt of notice under § 1446(b)(3), rather than subdivision (b)(1). Under § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant … of an amended pleading … or other paper from which it may first be ascertained that the case is one which is or has become removable." Tilley does not cite any legal authority to establish the Government's determination that he is not a federal officer constitutes circumstances "from which it may first be ascertained that the case is one which is or has become removable" under § 1442, based on the court's federal officer jurisdiction. To the contrary, the Government's determination that he is not a federal officer would appear to foreclose his ability to remove the action on this basis.

Tilley argues the 30-day removal period under § 1442 must start when a deemed defendant learns of the Government's adverse coverage decision to prevent the government from precluding removal under § 1442 by delaying its decision by more than 30 days. Dkt. 29 at 10. In his Oppositions, however, Tilley acknowledges that "removal under § 233 provides different rights to the removing party than does removal under § 1442." Dkt. 28 at 17 (citing *Agyin v. Razmzan*, 986 F.3d 168, 179 (2d Cir. 2021)); Dkt. 29 at 16 (same). In *Agyin*, *id.* at 179-80, the Second Circuit recognized that §§ 1442 and 233 provide separate statutory grounds for removal. Tilley does not cite any legal authority for the proposition that a delay by the

8

Government in making a determination under § 233 has any effect on the timing of removal under § 1442, and his argument, thus, fails.

Accordingly, the court finds the Notice of Removal was untimely under § 1446(b).  Having found the Notice of Removal was untimely on these grounds, the court need not consider the parties' remaining arguments regarding timeliness.  The court expressly declines to consider the merits of Tilley's dispute of the Government's deeming determination and the question of whether Tilley qualifies as a federal officer for purposes of § 1442.

### III. Request for Attorney's Fees

Absent unusual circumstances, attorney's fees may only be awarded under 28 U.S.C. § 1447(c) "where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).  After considering the parties' papers and arguments, the court exercises its discretion to deny Plaintiff's request for sanctions and attorney's fees.

### CONCLUSION

For the foregoing reasons, the court DENIES Tilley's Motion to Amend (Dkt. 13), GRANTS the Government's Motion to Remand (Dkt. 20), GRANTS Plaintiff's Motion to Remand (Dkt. 23), and DENIES Plaintiff's request for attorney's fees.  The court REMANDS this action to the Los Angeles Superior Court for further proceedings.

IT IS SO ORDERED.

Dated: November 2, 2022

FERNANDO L. AENLLE-ROCHA
United States District Judge